S. A. OWENS v. GEO. M. PRATHER.

(No. 1257, Op. Book No. 2, p. 400.)

APPEAL from McLennan County.  Opinion by QUINAN, J.

§ **1131.** *Jurisdiction of county court; suit for damages for removing division fence; trespass to land, etc.*  It is not always an easy matter to define the exact lines which separate the jurisdiction of the county and district courts in respect to suits in which the title to land may come in controversy.  The constitution says the county court shall not have jurisdiction of suits for the recovery of land, but that would not deprive them of the right to try suits for trespasses upon land, or cutting and removing

timber from it, or for rent or use and occupation of it. In suits of this character it may be very material for the party to prove his title to the land, that he may recover for the trespass or the damages, but he does not sue for or recover the land, nor does any judgment which may be rendered in the county court determine his right to the land, or in the least affect the title to it. In this suit the claim upon which the plaintiff could recover is for trespass upon the land he claims to own while he owned it, and for the removal of the rails from the division fence, if he owned any part of them. In effect it is for this he sued, and the suit was well brought in the county court. [NOTE.— This suit was brought by appellant Owens for damages for taking away rails from a division fence between lands alleged to belong to appellant and appellee. There was a verdict and judgment for appellee, which was affirmed upon the facts. See the case of Scripture v. Kent, *ante,* p. 592, which seems to conflict with the foregoing decision upon the question of jurisdiction of a suit for damages for removing a division fence.]

June 8, 1881.　　　　　　　　　　Affirmed.